UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE BUCKMILLER,

    Plaintiff,                                Case No. 20-CV-11387

vs.                                             HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 10, 2022 (Dkt. 19),
(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 13), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 17), AND (4) AFFIRMING THE COMMISSIONER'S DECISION**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr., issued on January 10, 2022 (Dkt. 19). In the R&R, the magistrate judge recommends that the Court deny Plaintiff Stephanie Buckmiller's motion for summary judgment (Dkt. 13), grant Defendant the Commissioner of Social Security's motion for summary judgment (Dkt. 17), and affirm the Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

---

[1] This lawsuit was brought against the prior Commissioner of Social Security, Andrew Saul. Subsequently, Kilolo Kijakazi became the Acting Commissioner of Social Security.

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Plaintiff's motion for summary judgment (Dkt. 13) is denied, the Defendant's motion for summary judgment (Dkt. 17) is granted, and the Commissioner's decision is affirmed.

SO ORDERED.

Dated: January 26, 2022         s/Mark A. Goldsmith
    Detroit, Michigan        MARK A. GOLDSMITH
                               United States District Judge